OPINION
Defendant-appellant Nicholas L. Higgins appeals the December 14, 1999, Judgment Entry of the Mount Vernon Municipal Court which convicted him of underage consumption in violation of R.C. 4301.632 and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On November 4, 1999, appellant was charged with consuming an alcoholic beverage under the age of twenty-one in violation of R.C. 4301.632. At his arraignment on November 5, 1999, appellant entered a plea of not guilty. The matter proceeded to trial before the court on December 14, 1999. The following evidence was adduced at trial.
On November 4, 1999, Deputy Mark Rutherford and Deputy Max Huffman of the Knox County Sheriff's Department responded to a domestic violence call at appellant's address. When the deputies arrived, they found the alleged victim, Maggie Wheeler, at the next-door neighbor's residence. Ms. Wheeler was upset and told the deputies appellant, who was nineteen years old at the time, had been drinking and had pushed her down.
As a result of this conversation, the deputies went to appellant's residence. The deputies noticed a Bud Light can on the roof of a car parked in front of the residence. During the conversation with appellant, both deputies detected a moderate odor of an alcoholic beverage on appellant's breath. When Deputy Rutherford asked appellant if he had been drinking, appellant responded with an expletive. Thereafter, Deputy Rutherford arrested appellant for domestic violence. Deputy Rutherford testified that appellant, while on route to the Sheriff's Office in the police cruiser, was "very agitated" and "started spittin' inside my cruiser. He spit on my jacket, my hat. He spit upon on the dash . . ." T. at 8. At trial, Deputy Rutherford also testified he did not collect the Bud Light can as evidence, did not test the can for fingerprints, and did not test the contents of the can for alcohol content. T. at 13-14.
At the close of the State's case, appellant moved to dismiss the charges pursuant to Crim.R. 29. The trial court granted the motion as to the domestic violence charge, but overruled the motion as to the underage consumption charge.
In a December 14, 1999, Judgment Entry, the Mount Vernon Municipal Court found appellant guilty of underage consumption in violation of R.C. 4301.632. The entry also ordered appellant to pay a fine of $100.00 and to serve ten days in the Knox County Jail.
It is from the December 14, 1999, Judgment Entry appellant prosecutes this appeal, assigning the following assignments of error:
 I. IF THE DEFENDANT DID CONSUME BEER OR INTOXICATING LIQUOR, THERE WAS NO PROOF SAID CONSUMPTION OCCURRED IN KNOX COUNTY, OHIO, THUS THE TRIAL COURT LACKED JURISDICTION TO CONVICT DEFENDANT.
 II. THE TRIAL COURT ERRED IN CONSIDERING DEFENDANT'S REFUSAL TO ANSWER OR COOPERATE WITH THE SHERIFF AS EVIDENCE OF BEER OR INTOXICATING LIQUOR CONSUMPTION, IN VIOLATION OF DEFENDANT'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS AGAINST SELF-INCRIMINATION.
 III. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO CRIMINAL RULE 29, BECAUSE THERE WAS INSUFFICIENT EVIDENCE PRESENTED BY THE PROSECUTION ON THE ESSENTIAL ELEMENTS OF KNOWINGLY, CONSUMING, AND BEER OR INTOXICATING LIQUOR TO SUSTAIN A FINDING OF GUILTY OF THE CHARGE OF CONSUMING BEER OR INTOXICATING LIQUOR UNDERAGE, A VIOLATION OF REVISED CODE 4301.632, AND SUCH A FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant, in his first assignment of error, argues that, assuming appellant did consume beer or alcohol, the trial court had no jurisdiction to convict appellant of underage consumption of alcohol in violation of R.C.4301.632. Appellant specifically contends that "because no evidence was presented at trial that anyone saw the defendant consume beer or intoxicating liquor in the venue of Knox County, Ohio," the trial court lacked jurisdiction to convict appellant of underage consumption.
As an initial matter, we note that appellant has confused the concepts of venue and jurisdiction. Generally, pursuant to R.C. 2901.11(A), all Ohio courts have jurisdiction over violations of Ohio law occurring in Ohio. R.C. 2901.12, in turn, concerns venue. Such statute provides, in part, as follows: "(A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense occurred." Venue is not a material element of any crime, but is a fact that must be proven beyond a reasonable doubt. State v. Headley (1983),6 Ohio St.3d 475, 477. Venue is proper in the county where an offense, or any element thereof, was committed. Id.
In essence, appellant in the case sub judice maintains that his conviction for underage consumption is against the sufficiency of the evidence since there was no proof the offense occurred in Knox County. In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Jenks, supra, at paragraph two of the syllabus.
Assuming, arguendo, for the purposes of this assignment, that appellant did consume beer or alcohol, we find, upon our review of the record, that there was sufficient evidence that such consumption occurred in Knox County. As is stated above, Deputies Rutherford and Huffman were called to appellant's residence in Knox County, Ohio, in response to a domestic violence call. When the two deputies spoke with appellant, they both detected a moderate odor of alcohol on appellant's breath. In addition, both observed a Bud Light can on the roof of a car parked in front of appellant's residence in Knox County, Ohio. Based on the foregoing factors, we find that, reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the offense of underage consumption occurred in Knox County, Ohio.
Accordingly, appellant's first assignment of error is overruled.
 II
Appellant, in his second assignment of error, contends that the trial court violated his federal and state constitutional rights against self-incrimination in considering appellant's refusal to answer or cooperate with the deputies as evidence of appellant's alcohol consumption.
The Fifth Amendment states that "[n]o person * * * shall be compelled in any criminal case to be a witness against himself * * *." "This right, or privilege, ensures that a person is not compelled to produce evidence that may tend to incriminate him." State v. Reiner (2000),89 Ohio St.3d 342, 352. In Miranda v. Arizona (1966), 384 U.S. 436, the United States Supreme Court recognized that the privilege against self-incrimination contained in the Fifth Amendment also extends to "informal compulsion exerted by law-enforcement officers during in-custody questioning." Id. at 461.
In the case sub judice, appellant was not in custody when asked by Deputy Rutherford if he had been drinking. It was not until after responding to such question with an expletive that appellant was placed under arrest. Thus, the privilege against self-incrimination is not applicable because appellant was not in custody when he uttered such expletive.
Furthermore, while appellant argues that his "actions when placed inside the sheriff's cruiser" are protected by the Fifth Amendment, we do not concur. At the trial in this matter, Deputy Rutherford testified that, when he attempted to place appellant in the cruiser, appellant "put his knee in the door so I couldn't close it." T. 12. In addition, as is stated above, Deputy Rutherford testified at trial that appellant began spitting while inside of the cruiser. Courts, in applying the Fifth Amendment right against self-incrimination, distinguish between evidence which is "testimonial" and that which is "real or physical evidence."State v. Geasley (1993), 85 Ohio App.3d 360, 372. The United States Supreme Court, in Schmerber v. California (1966), 384 U.S. 757, noted that such privilege provides "no protection against compulsion to submit to fingerprinting, photographing, or measurements, . . . to assume a stance, to walk, or to make a particular gesture." Id. at 764. "An accused is afforded no protection against compulsion to produce such physical evidence because it does not require the accused "to disclose the contents of his own mind." Geasley, supra. at 372, citing Curcio v.United States (1957), 354 U.S. 118, 128.
Based on the foregoing, we find that Deputy Rutherford's above testimony as to appellant's behavior when he was placed in the cruiser does not violate appellant's privilege against self-incrimination. Appellant's actions in spitting in the cruiser and putting his knee against the cruiser door were not "testimonial" in nature. See Geasley,supra.[1]
Accordingly, appellant's second assignment of error is overruled.
 III
Appellant, in his third assignment of error, maintains that the trial court erred in denying appellant's Motion for Judgment of Acquittal pursuant to Crim.R. 29. Such motion was made at the close of the state's case. Appellant specifically contends that his conviction for underage consumption in violation of R.C. 4301.632 was against the sufficiency of the evidence.
Crim.R. 29(A) reads as follows: (A) Motion for acquittal
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
Upon our review of the record and applying the standard of review set forth in Jenks, supra., we find that the trial court did not err in denying appellant's Motion for Judgment of Acquittal. Appellant's conviction for underage consumption in violation of R.C. 4301.632 was not against the sufficiency of the evidence. As is stated above, R.C. 4301.632
prohibits any person under the age of twenty-one from consuming beer or intoxicating liquor in any public or private place. Beer is defined to include "all brewed or fermented malt products containing one-half of one percent or more of alcohol by volume but not more than six percent alcohol by weight." R.C. 4301.01(B)(2).
In the case sub judice, Deputy Rutherford and Deputy Huffman were summoned to appellant's residence in response to a domestic violence call. Both deputies noticed a Bud Light beer can on the roof of a car parked in front of appellant's residence. In addition, during their conversation with appellant, who was under the age of twenty-one, both detected the smell of alcohol on appellant's breath. Finally, when questioned by the deputies as to his consumption of alcohol, appellant responded with an expletive and then acted in a belligerent manner after the deputies placed appellant under arrest. As noted by this court inState v. Whitaker (Aug. 9, 2000), Licking App. No. 99 CA 140, unreported, evidence of a belligerent manner is relevant as to whether one is under the influence of alcohol. See also State v. Bakst (1986),30 Ohio App.3d 141. While appellant argues that there was insufficient evidence that appellant "knowingly" consumed beer or alcohol, "knowingly" is not an element under R.C. 4301.632.
Based on the foregoing, we find that any rational trier of fact could have found the essential elements of underage consumption proven beyond a reasonable doubt.
We further find that appellant's conviction for underage consumption in violation of R.C. 4301.632 is not against the manifest weight of the evidence. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed . . . The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
Upon review of the entire record, we do not find that the trier of fact clearly lost its way so as to create a manifest miscarriage of justice. There was competent and credible evidence in the record that appellant, while under the age of twenty one, consumed beer in Knox County, Ohio.
Appellant's third assignment of error is , therefore, overruled.
Accordingly, the judgment of the Mount Vernon Municipal Court is affirmed.
Edwards, J. and Milligan, V.J. concur.
Hoffman, P.J. concurs in part and dissents in part
[1] In Geasley, the court held that a video (versus audio) portion of a videotape that showed the defendant's movements and gestures was admissible since it did not involve his privilege from self-incrimination. However, the court also cautioned that "if the trier of fact may discern from any portion of the video alone testimonial responses of the defendant made in violation of his rights, then such portion must . . . be suppressed. Id. at 372.