### The STATE of Ohio, Appellee,

v.

### HAMLEY, Appellant.

[Cite as *State v. Hamley* (2001), 142 Ohio App.3d 615.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78053.

Decided May 7, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Kristine R. Travaglini,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper,* Cuyahoga County Public Defender, and *John T. Martin,* Assistant Public Defender, for appellant.

---

MICHAEL J. CORRIGAN, Presiding Judge.

The court, sitting without a jury, found defendant Kenneth Hamley guilty of vandalism under R.C. 2909.05(B)(1)(b), as a lesser included offense of the originally charged count of vandalism under R.C. 2909.05(B)(1)(a). In this appeal, defendant claims that the court erred by finding him guilty because (1) he was convicted of a crime that he had not been charged with committing, (2) the court lacked sufficient evidence of vandalism, and (3) the court impermissibly considered "other acts" evidence.

Because defendant complains that there was insufficient evidence of his guilt, we view the evidence most favorably to sustaining the conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The crimes charged related to property damage caused to a self-service car wash. A witness who worked at a laundromat located next door to the car wash said that she was standing outside on her break between 10:00 and 11:00 p.m. when she heard loud banging sounds coming from the car wash. She then saw a white car leave the car wash. It was the only vehicle on the premises at that time. As the car drove by her, she had a good look at the person sitting in the passenger seat of the car. The witness later identified the passenger as defendant, both in a photo array and in court.

The owner of the car wash testified that vandals had taken blunt instruments and smashed car wash equipment, causing damage of over $5,000. The owner also testified that he and his partners purchased the car wash just three months before the vandalism. Defendant was employed at the car wash. In order to cut their costs, the new owners laid off personnel, including defendant. The owner testified that defendant became very upset over the layoff and made a reference to "getting even."

A police officer testified that he interviewed the laundromat employee and, upon learning both that a white car had been used during the vandalism and that defendant might be a suspect, went to defendant's apartment and found that defendant drove a white car.

Defendant presented an alibi defense. His friend testified that he had spent the evening with defendant, first going to a restaurant between 8:00 and 10:00 p.m. and then back to the friend's apartment. The friend explained that

defendant and his girlfriend had a misunderstanding and that defendant was staying with him. Defendant's girlfriend testified and confirmed the alibi to a point—she spoke to defendant by telephone between 9:00 and 9:45 p.m. and heard the friend in the background.

## I

The first assignment of error complains that the court erred by finding defendant guilty of vandalism under R.C. 2909.05(B)(1)(b) as a lesser included offense of vandalism under R.C. 2909.05(B)(1)(a) as charged in the indictment. Defendant maintains that the court's finding under R.C. 2909.05(B)(1)(b) that the damaged property was essential to the operation of the car wash cannot stand because that offense is not lesser and included under the originally charged offense of vandalism under R.C. 2909.05(B)(1)(a), which requires a showing of physical harm to property used by the owner of the property in the owner's business and damage to that property in excess of $500.

R.C. 2909.05(B)(1) states:

"No person shall knowingly cause physical harm to property that is owned or possessed by another, when either of the following applies:

"(a) The property is used by its owner or possessor in the owner's or possessor's profession, business, trade, or occupation, and the value of the property or the amount of physical harm involved is five hundred dollars or more;

"(b) Regardless of the value of the property or the amount of damage done, the property or its equivalent is necessary in order for its owner or possessor to engage in the owner's or possessor's profession, business, trade, or occupation."

In *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus states:

"An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."

Vandalism under R.C. 2909.05(B)(1)(b) is not a lesser included offense of vandalism under R.C. 2909.05(B)(1)(a). Both offenses are fourth-degree felonies, see R.C. 2909.05(E), so the punishments for each are not different. Moreover, the commission of each offense requires a variance of proof in that a conviction under division (B)(1)(a) requires proof of property damage in excess of $500, while a conviction under division (B)(1)(b) requires proof that the property damaged was necessary in order for the property owner to engage in the owner's business. It is therefore possible to commit vandalism under R.C. 2909.05(B)(1)(b) without committing vandalism under R.C. 2909.05(B)(1)(a).

Because the court could not validly find defendant guilty of committing a lesser included offense, it follows that the court found defendant guilty of an uncharged offense. Section 10, Article I of the Ohio Constitution provides that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury." We have held that this "provides an inalienable protection to the defendant that he will be tried on the same essential facts on which the grand jury found probable cause." *State v. Vitale* (1994), 96 Ohio App.3d 695, 699, 645 N.E.2d 1277, 1279. Because the facts supporting an indictment on R.C. 2909.05(B)(1)(b) had not been presented to the grand jury, the court convicted defendant of a charge that he had not been charged with committing.

The state maintains that the court simply amended the indictment pursuant to Crim.R. 7(D) to conform to the evidence presented at trial.

The flaw with the state's argument is that there is nothing in the record to show that the court effectively amended the indictment to find defendant guilty of committing vandalism under R.C. 2909.05(B)(1)(b). In point of fact, the court's judgment entry specifically states that "the court finds the defendant not guilty of vandalism as charged in the indictment but guilty of vandalism under R.C. 2909.05(B)(1) * * * the lesser included offense under the charge of the indictment." We see no way of construing this journal entry to suggest an amendment of any kind. In essence, the trial court found the defendant both not guilty and guilty of vandalism pursuant to R.C. 2909.05.

We are mindful that by sustaining this assignment of error, we are obligated to discharge defendant. See *State v. Headley* (1983), 6 Ohio St.3d 475, 478–479, 6 OBR 526, 528–530, 453 N.E.2d 716, 719–720. This result might have been avoided had the state listed R.C. 2909.05(B) in its entirety when charging defendant, rather than listing just the specific subdivision of the statute. Crim.R. 7(B) merely requires that the indictment give an accused notice of "all the elements" of the charged offense. In cases like this, where there may be a question whether one division of a statute is more applicable than another, prudence might suggest erring on the side of overinclusion, with the option of winnowing out charges as the case progresses.

The first assignment of error is sustained; therefore, the remaining assignments of error need not be addressed.

The conviction is vacated and defendant is ordered discharged.

*Judgment accordingly.*

DYKE and O'DONNELL, JJ., concur.