THE STATE OF OHIO, APPELLANT AND CROSS-APPELLEE, *v.*
HEADLEY, APPELLEE AND CROSS-APPELLANT.

[Cite as State *v.* Headley (1983), 6 Ohio St. 3d 475.]

(No. 82-835—Decided September 7, 1983.)

*Mr. Lynn C. Slaby,* prosecuting attorney, and *Mr. Philip D. Bogdanoff,* for appellant and cross-appellee.

*Mr. William T. Whitaker* and *Ms. Elizabeth Reilly,* for appellee and cross-appellant.

J. P. CELEBREZZE, J. Appellant's first proposition of law concerns the court of appeal's finding on the issue of venue. Appellant asserts that this finding was in error in that the evidence was sufficient to demonstrate that some part of the offense with which appellee was charged was committed in Summit County.

Although it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant. *State* v. *Draggo* (1981), 65 Ohio St. 2d 88, 90 [19 O.O.3d 294]. The standard of proof is beyond a reasonable doubt, although venue need not be proved in express terms so long as it is established by all the facts and circumstances in the case. *State* v. *Dickerson* (1907), 77 Ohio St. 34, paragraph one of the syllabus.

Section 10, Article I of the Ohio Constitution fixes venue, or the proper place to try a criminal matter, as follows: "* * * In any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *." Thus, the rule is that the place of trial is to be where the offense occurred.

Generally, this rule is preserved in R.C. 2901.12, Ohio's venue statute, although the Committee Comment to that statute notes that provision is also made for the mobile offender whose course of criminal conduct affects a number of jurisdictions. Accordingly, that statute provides, in material part, as follows:

"(A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element thereof was committed.

"* * *

"(G) When it appears beyond a reasonable doubt that an offense *or any element* thereof was committed in any of two or more jurisdictions, but it cannot reasonably be determined in which jurisdiction the offense or element was committed, the offender may be tried in any such jurisdiction.

"(H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, he may be tried for all such offenses in any jurisdiction in which one such offense *or any element* thereof occurred. * * *" (Emphasis added.)

In this case, appellant asserts that Headley engaged in a course of criminal conduct that spanned several jurisdictions including Summit County. Appellant argues that Cimino attempted to contact Headley to complete the drug deal upon his arrival at the Akron-Canton airport in Summit County. Appellant contends that the crime as originally planned was intended to take place there. Appellant also asserts that Headley told Cimino that he lived on East Tuscarawas Extension and asks this court to take judicial notice of the fact that that road is located in Summit County. Finally, appellant points out that Headley and Cimino were stopped on Interstate 77 going in the direction of Cleveland which necessarily would have led them through Summit County. Based upon these facts, the state argues that the case was properly venued in Summit County under R.C. 2901.12(A), (G) and (H).

We must first note that, on its face, R.C. 2901.12(H) is not applicable to the facts at hand as that provision is concerned with the defendant who commits more than one offense. Here, appellee was indicted for a single count.

We further find that appellant's venue argument under R.C. 2901.12(G) must also fail.

R.C. 2901.12(G) vests venue in the jurisdiction where the defendant's offense, or any element thereof, was committed. We do not agree with the appellant that this requirement was in any way modified by the "significant nexus" language of *State* v. *Draggo, supra,* at 92. Under that case, venue questions arising under R.C. 2901.12(G) must still be resolved by determining whether "any element" of the offense was committed within the jurisdiction where the trial is to take place. *Id.* at 91.

Here, appellant was charged with violating R.C. 2925.03(A)(8). That section provides:

"(A)  No person shall knowingly do any of the following:
"* * *

"(8)  Provide money or other items of value to another person with the purpose that the recipient of the money or items of value would use them to obtain controlled substances for the purpose of selling or offering to sell such controlled substances in amounts exceeding a bulk amount or for the purpose of violating division (A)(3) of this section."

Appellant advances a most strained interpretation of the evidence adduced below in an effort to establish that appellee's criminal conduct bore some relationship to Summit County. We agree with the court below that this interpretation is not correct and is not supported by the record. First, the evidence is unclear as to whether Cimino ever made contact with appellee from either the airport or his motel room. Second, assuming such contact was made, there is no indication of where the appellee was located at the time. At best, Cimino's conduct in making the telephone calls relates to his participation in the case and not appellee's. Second, appellant's contention that Cimino and Headley intended to conduct the drug sale in Summit County is totally without basis. Finally, any suggestion in the record as to Headley's place of residence or the direction in which he was headed at the time of arrest is irrelevant as it does not pertain to any element of R.C. 2925.03(A)(8).

Based upon the foregoing it is our finding that there is no indication that the offense of aggravated trafficking as defined above, or any element thereof, occurred within Summit County. Rather, all of appellee's conduct which is verifiable by the record took place within Stark County. As such, the court of appeals was correct in concluding that this cause was improperly venued in Summit County.

Appellant's second proposition of law asserts that the court of appeals erred in finding the indictment to be fatally defective. We do not agree.

Section 10 of Article I of the Ohio Constitution provides that, "* * * no person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury * * *." This provision guarantees the accused that the essential facts constituting the offense for which he is tried will be found in the indictment of the grand jury. *Harris* v. *State* (1932), 125 Ohio St. 257, 264. Where one of the vital elements identify-

ing the crime is omitted from the indictment, it is defective and cannot be cured by the court as such a procedure would permit the court to convict the accused on a charge essentially different from that found by the grand jury. *Id.; State* v. *Wozniak* (1961), 172 Ohio St. 517, 520 [18 O.O.3d 58].

The essence of this constitutional guarantee is further manifested in Crim. R. 7(D). That rule limits the court's power to amend the indictment and provides, in part:

"Amendment of indictment, information or complaint. The court may at any time before, during, or after a trial amend the indictment, information, complaint or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, *provided no change is made in the name or identity of the crime charged.* * * *" (Emphasis added.)

In this case, appellee was charged under R.C. 2925.03, relating to trafficking in drugs. Generally, that statute prohibits the selling, distribution, production or possession of certain controlled substances, or drugs, for certain purposes. The severity of the offense is dependent upon the type of drug involved. Under R.C. 2925.03(C), the offense is aggravated trafficking if the substance involved is a Schedule I drug, with the exception of marijuana, or a Schedule II drug. Under R.C. 2925.03(D), if the substance involved is a Schedule III, IV or V drug, the offense is the lesser one of trafficking in drugs.

Under this analysis, it is evident that R.C. 2925.03 sets forth more than one criminal offense with the identity of each being determined by the type of controlled substance involved. As such, the type of controlled substance involved constitutes an essential element of the crime which must be included in the indictment. The omission of that information cannot be cured by amendment, as to do so would change the very identity of the offense charged.

In this case, the indictment purported to charge appellee with the offense of aggravated trafficking but neglected to state the controlled substance involved. This was a fatal defect which was not curable by amendment.

Accordingly, for the foregoing reasons, the judgment of the court of appeals reversing appellee's conviction is affirmed.[1]

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, PRYATEL and C. BROWN, JJ., concur.

HOLMES, J., dissents.

PRYATEL, J., of the Eighth Appellate District, sitting for LOCHER, J.

---

[1] Appellee's cross-appeal asserts several propositions of law which were raised as assignments of error below but were rejected by the court of appeals. In light of our findings above, these issues need not be addressed.

HOLMES, J., dissenting. The majority opinion here is an example of a hypertechnical misreading of a statute controlling a criminal proceeding. There was sufficient evidence to prove that an element of the crime of aggravated trafficking was committed in Summit County. It is clear from the testimony that the prearranged drug transaction was to be completed in Summit County. The Akron-Canton airport where the chartered aircraft landed is located in Summit County. It appears that Cimino attempted to contact Headley immediately upon arrival at the airport. Headley resides in Summit County.

Further, the record demonstrates that at 7:46 a.m., on June 1, 1981, Cimino received and made phone calls from his motel room. At approximately 9:53 a.m., the appellee was seen in Stark County, driving on Interstate 77 South, coming from the direction of Summit County. At 9:55 a.m., the appellee met with Cimino at the Sheraton Hotel in Stark County. The conversation between appellee and Cimino, which was overheard by the police, indicated that Headley did not have the prearranged money to complete the drug transaction. Cimino agreed to go to Cleveland with Headley to get the additional money for the drug deal. Appellee and Cimino were stopped on Interstate 77 North, going in the direction of Cleveland and Summit County. It is apparent that the route taken by the appellee toward Cleveland would again take them through Summit County.

There was, therefore, presented evidence of a continuous drug transaction that began in Summit County, continued in Stark County, and was to be completed in Cuyahoga County. It would appear from the majority opinion that where there is a continuing drug transaction involving a number of counties, but where the transaction is not completed, a defendant could successfully raise the venue issue in any one of the counties where he is brought to trial. This is, in my view, a ridiculous reading of R.C. 2901.12(A), (G) and (H). Where, as here, the drug transaction has a significant nexus to a county, trial should properly be allowed in that county. What all of the outrage of alleged improper venue is about here escapes me. Cannot the appellee have as fair a trial in Summit County as in Stark County? I sincerely believe that he can.

As to the issue of the amendment to the indictment, I would hold that pursuant to R.C. 2925.03, the section dealing with trafficking in drugs, the nature of the drug involved does not affect the identity of the offense, only the degree of the felony. Therefore, an indictment may be amended pursuant to Crim. R. 7(D) to add the specific drug involved. To hold otherwise is also a hypertechnical and incorrect reading of the criminal rules and statutes which reading favors the criminal rather then protecting the general public.

I would reverse the judgment of the court of appeals.