Defendant-appellant, Joseph Blough, appeals his conviction by the Summit County Court of Common Pleas. We affirm.
Defendant, an architect, was retained by Ms. Ginger Tripp in 1995 to construct a new home in Clinton, Ohio. As excavation began, Ms. Tripp was informed that her home could not be built on the lot that she had purchased. Another lot was substituted, and excavation work began again. In order to speed the construction process, Defendant contracted with Botrager Construction to handle the excavation. Defendant and Ms. Tripp agreed to split the costs of excavation, although it is unclear in what proportion. As the house neared completion, Ms. Tripp expressed dissatisfaction with some of Defendant's work and refused to authorize a final payment from the bank. A civil suit resulted.
During the course of discovery, Ms. Tripp's attorney received several Botrager Construction invoices from Defendant. Ms. Tripp also received copies of the original invoices from Botrager. Suspecting that one of the invoices received from Defendant had been altered, she contacted the Fairlawn police. On March 3, 1998, Defendant was indicted on one charge of forgery, a violation of R.C. 2913.31(A)(2). He was convicted following a jury trial, and the trial court sentenced him to one year of community control. He timely appealed and has raised two assignments of error.
 ASSIGNMENT OF ERROR I The trial court committed reversible error when it admitted evidence during trial which was not disclosed pursuant to [Defendant's] request and motion prior to trial.
Defendant's first assignment of error is that the trial court erred by admitting photocopies of a check and a receipt because (1) this evidence had not been disclosed to Defendant prior to trial, and (2) the copies did not comply with the best evidence rule.
Crim.R. 16(B)(1)(c) provides:
 Documents and Tangible Objects. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant.
Trial courts are given discretion to determine what sanctions are appropriate following a discovery violation. State v. Otte
(1996), 74 Ohio St.3d 555, 563; Crim.R. 16(E)(3). A trial court is not required to exclude evidence that is the subject of a discovery violation. State v. Otte, 74 Ohio St.3d at 563. When a court chooses to allow the admission of such evidence, an abuse of discretion only results when (1) the record demonstrates that the discovery violation was a willful act; (2) foreknowledge of the subject matter would have furthered the defendant's preparation of a defense; or (3) the defendant was unfairly prejudiced by the admission. Id.
Defendant has argued that the state withheld two documents during discovery. Both were introduced as evidence during the second day of trial. The first was a photocopy of a receipt for a $10,000 down payment made by Defendant to a developer towards the purchase of the lot on which Ms. Tripp's home was originally to be built. The second document was a photocopy of a check from Defendant to Botrager Excavation for $5,366.50, the amount of invoice number 1058. Both documents were produced by the state during the testimony of Officer David Zampelli of the Fairlawn Police Department.
"The purpose of discovery rules is to prevent surprise and the secreting of evidence favorable to one party. The overall purpose is to produce a fair trial." Lakewood v. Papadelis
(1987), 32 Ohio St.3d 1, 3, citing State v. Mitchell (1975),47 Ohio App.2d 61, 80. Officer Zampelli testified that the documents had been in his possession until the first day of trial, when he informed the state of their existence. There is no indication that the state intended to use these documents in an attempt to "ambush" defendant. Because he had executed both of the documents, Defendant had independent knowledge of the subject matter. He has argued that the admission of these documents permitted the state to allege: (1) that he owned the lot adjacent to Ms. Tripp's lot; (2) that excavation work was performed on both lots; and (3) that he forged the invoice in order to include the expense for excavation of both lots in the amount of the mechanic's lien against Ms. Tripp's home. To the extent that these documents supported this theory of the case, there was, nonetheless, additional evidence from which the jury could have concluded that Defendant committed forgery. Accordingly, the admission of these documents did not prejudice Defendant by denying him a fair trial.
Defendant has also argued (1) that the admission of these documents violated the "best evidence rule," and (2) that the state did not lay the proper foundation for admission of the documents.[1]
Pursuant to Evid.R. 1002, the original document is required to prove the contents of a writing, except as otherwise provided by statute or rule. Evid.R. 1003 provides:
 A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.
 The burden of demonstrating that a duplicate should be excluded rests upon the party that opposes its admission. Natl. City Bank v. Fleming (1981), 2 Ohio App.3d 50, 57. The trial court's determination of whether to admit a duplicate lies within its broad discretion to make evidentiary rulings and will not be disturbed on appeal absent an abuse of that discretion. See id.
State's exhibit three, a copy of a check from Defendant to Botrager in the amount of $5,366.50, was certified by the bank as a true and exact copy of the original check. While Defendant objected to the foundation of State's exhibit six, a check for the amount of $10,000.00 from Defendant to Pine Knolls Estates, the trial court did not abuse its discretion in determining that no genuine question was raised as to the check's authenticity. The requirement of authentication is satisfied "by evidence sufficient to support a finding that the [evidence] in question is what its proponent claims." Evid.R. 901(A). See, also, State v.Keith (1997), 79 Ohio St.3d 514, 525. Evid.R. 902(9), however, provides that commercial paper is self-authenticating. As such, "extrinsic evidence of [its] authenticity is not a condition precedent to * * * admissibility." Rizzen v. Spaman (1995),106 Ohio App.3d 95, 110.
Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
The state failed to establish its jurisdiction and venue.
In his second assignment of error, Defendant has argued that there was insufficient evidence to establish venue in Summit County. We disagree.
"Venue refers to the county in which the offense is alleged to have been committed and where it is to be tried." State v.Grinnell (1996), 112 Ohio App.3d 124, 135. Venue is not a material element of any criminal offense, but it must be proved beyond a reasonable doubt in every criminal prosecution unless waived by the defendant. State v. Headley (1983), 6 Ohio St.3d 475,477. The state may prove venue by direct evidence or by circumstantial evidence that established venue "by all the facts and circumstances in the case." Id. Venue will lie in the county where the offense, or any element of the offense, was committed. R.C. 2901.12(A).
Sufficiency is a test of legal adequacy that measures whether the evidence underlying a conviction is sufficient as a matter of law to sustain the verdict. State v. Thompkins (1997), 78 Ohio St.3d 380,386. When reviewing the sufficiency of the evidence to demonstrate venue, therefore, we examine the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could determine that the offense, or any element of the offense, was committed in the county where the trial was held. See State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. 2913.31(A)(2) provides that:
 No person, with purpose to defraud, or knowing that he is facilitating a fraud, shall * * * [f]orge any writing so that it purports to be genuine when it is actually spurious, or to be the act of another who did not authorize that act, or to have been executed at a time or place or with terms different from what was in fact the case, or to be a copy of an original when no such original existed.
The act of forging is defined as the fabrication or creation, in whole or in part, or any spurious writing or an act purporting to authenticate a writing by conduct that does not, in fact, provide authentication. R.C. 2913.01(G). To defraud is "to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." R.C.2913.01(B).
 The Eleventh District Court of Appeals has concluded that:
 Purpose to defraud is an element of forgery, pursuant to R.C. 2913.31. Thus, if the state had proven, either through direct or circumstantial evidence, that [a defendant] possessed and acted upon the requisite intent while in [this] [c]ounty, venue was proper.
 State v. Robinson (Nov. 29, 1996), Lake App. No. 96-L-017, unreported, 1996 Ohio App. LEXIS 5399, at *9-10. Accordingly, venue in this case lies in Summit County if Defendant possessed and acted upon the intent to defraud while in this county.
Defendant is a resident of Fairlawn with a business address in the City of Akron. Ms. Tripp's home and workplace are located in Summit County. Ms. Ellen Botrager testified that five invoices were sent from her office to Defendant. She stated that her practice is to send the original to the customer and to retain a copy for her own records. One of these five invoices was numbered 1058 and contained an itemized bill for excavation work on lots 31 and 32. The invoice that was allegedly forged was similar in some respects to invoice 1058, but listed a higher total cost for the excavation work. Ms. Botrager testified that she had not prepared this invoice and that there was no copy of it in her records. The invoice was delivered to Ms. Tripp's attorney from Defendant. She testified that the total amount listed on the invoice in question was listed among the reasons underlying the mechanic's lien placed against her house by Defendant.
Given the facts and circumstances underlying this case, a rational trier of fact could conclude, beyond a reasonable doubt, that Defendant committed elements of forgery within Summit County. Accordingly, the trial court had venue over this case. Defendant's second assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
FOR THE COURT
BAIRD, P. J.
CARR, J.
CONCUR
[1] Defendant has not separately argued these assertions in assignments of error. See App.R. 16(A). Nonetheless, in the interest of justice, we will consider these arguments as presented.