DECISION AND JOURNAL ENTRY
Defendant Donald A. McDaniel, Jr., appeals his conviction in the Medina County Court of Common Pleas on one count of trafficking in cocaine. We affirm.
On May 26, 1998, Heath Morse, a confidential informant for the Medina County Drug Task Force ("MCDTF"), arranged to meet an acquaintance, David Guinta, for the purpose of buying cocaine. Before meeting Guinta, Morse met with MCDTF agents. Morse and his truck were searched, and no contraband or money was found. Morse was fitted with a listening device and given $960 in buy money.
Morse, followed by MCDTF agents, met Guinta at an apartment in the city of Medina, Ohio. Guinta called Defendant's pager and left the phone number of the apartment. Defendant called, and Guinta stated that he wanted to obtain an ounce of cocaine. Defendant said that he would have to check elsewhere and that he would call Guinta back. The price of the cocaine was discussed but not finalized before the parties ended the call.
Ten to fifteen minutes later, Defendant called again, and Guinta answered the telephone. Defendant told Guinta that he could get the cocaine for $950. About ten minutes later, Defendant called a third time and told Guinta to come up to Cleveland.
Guinta and Morse drove in Morse's truck to a residence on West 105th Street in Cleveland. A group of people were sitting on the porch, including Defendant. Guinta exited the truck and approached Defendant. Guinta then re-entered the truck, accompanied by Defendant. The trio then drove to the Edgewater Landing Apartments at 1350 West Boulevard in Cleveland.
Guinta instructed Morse to hand him the money, and Morse complied. Guinta then gave the money to Defendant, who exited Morse's truck and entered the apartment building. After ten to twenty minutes, Defendant emerged from the building and told Guinta and Morse that they would have to come back in a few minutes. They then left and drove to a Rally's hamburger restaurant and ate.
After about thirty minutes, the trio returned to the apartment building. Defendant again exited the vehicle and entered the building. Twenty minutes later, Defendant had not returned, and Guinta and Morse expressed concern. As Guinta began to investigate, Defendant came out of the apartment building. Defendant and Guinta re-entered the truck and gave a baggie of cocaine to Guinta. Morse then drove back to West 115th Street and dropped Defendant off where they had met him.
Morse and Guinta drove back to Medina. Guinta asked if he could take some of the cocaine, and Morse assented. After dropping Guinta off, Morse met up with MCDTF agents. A search of Morse and his truck produced a baggie containing 25.31 grams of cocaine and none of the buy money. A field test and subsequent scientific testing by the Ohio Bureau of Criminal Identification and Investigation confirmed that the substance was cocaine.
Defendant was indicted by the Medina County Grand Jury on November 22, 1999, on one count of trafficking in cocaine, in violation of R.C. 2925.03(A). Defendant pleaded not guilty. The case was tried to the bench on August 23, 1999. The State presented the testimony of Guinta, Morse, and Mark Schoonover, an agent with MCDTF. Defendant presented no witnesses. The trial court found Defendant guilty and sentenced him accordingly. Defendant timely appealed to this court.
Defendant asserts two assignments of error:
Assignment of Error No. 1
 THE TRIAL COURT ERRED IN OVERRULING [DEFENDANT'S] MOTION FOR ACQUITTAL BECAUSE THE STATE OF OHIO FAILED TO PROVE THE ELEMENT OF VENUE BY PROOF BEYOND A REASONABLE DOUBT IN VIOLATION OF RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE; THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
Assignment of Error No. 2
 THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY OF TRAFFICKING IN DRUGS WHERE THE STATE OF OHIO FAILED TO PROVE EVERY ELEMENT OF THE OFFENSE BY PROOF BEYOND A REASONABLE DOUBT IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 The two assignments of error relate to one issue: whether there was sufficient evidence of venue in Medina County to withstand a motion for acquittal under Crim.R. 29. Therefore, we will address the assignments of error together.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe
(1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the State. Id.
Venue is not a material element of any crime but is a fact that must be proven beyond a reasonable doubt. State v. Headley
(1983), 6 Ohio St.3d 475, 477. Venue may be established by all the facts and circumstances in a case. Id. Venue is proper in the jurisdiction, i.e., county, where an offense, or any element thereof, is committed. Id. at paragraph one of the syllabus. "When it appears beyond a reasonable doubt that an offense or any element of an offense was committed in any of two or more jurisdictions, but it cannot reasonably be determined in which jurisdiction the offense or element was committed, the offender may be tried in any such jurisdiction." R.C. 2901.12(G).
R.C. 2925.03(A) provides: "No person shall knowingly sell or offer to sell a controlled substance." Viewed in a light most favorable to the State, the evidence before the trial court demonstrated that Defendant, who was in Cuyahoga County, placed a telephone call to Medina County in response to being paged by Guinta. Defendant discussed the sale of an ounce of cocaine and its price with Guinta during this call. Ten to fifteen minutes later, Defendant again called Guinta in Medina County and stated that he could get the cocaine and what the price would be. Defendant placed a third phone call to Medina County, telling Guinta to come up to Cleveland. We find that Defendant offered to sell cocaine in Medina County by means of telephone calls to Medina County. See State v. Tucker (Apr. 27, 1999), Fairfield App. No. 98CA25, unreported, 1999 Ohio App. LEXIS 2011, at *7-9;State v. Schnoering (Nov. 15, 1995), Lorain App. No. 95CA006044, unreported, at 3. Accordingly, venue was proper in Medina County.
Defendant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ________________ LYNN C. SLABY
BAIRD, P.J., CARR, J., CONCUR.