OPINION
This is an appeal of the Trumbull County Court of Common Pleas' judgment finding appellant, Budd R. Brothers, guilty of illegal storage of hazardous waste, illegal disposal of hazardous waste, failure to evaluate wastes to determine whether they are hazardous, and criminal endangering.
In August 1997, a search warrant was executed on the premises of the Liberty Auto Salvage Yard ("Liberty") in Trumbull County. During the execution of this warrant, state officials discovered approximately three hundred drums of hazardous waste buried under piles of old tires and automobile parts. At the time the drums were discovered, many of them were actively leaking. At the time of the warrant, Liberty was not licensed to store or dispose of hazardous wastes.
On April 26, 1999, appellant was indicted by a Trumbull County grand jury for violations of Ohio's hazardous waste laws. Appellant was charged with six counts: (1) transporting hazardous wastes, in violation of R.C.3734.02(F), 3734.11, and 3734.99; (2) failing to evaluate wastes, in violation of Ohio Adm. Code 3745-52-11, R.C. 3734.11, and 3734.99; (3) illegally disposing of hazardous wastes, in violation of R.C. 3734.02(F), 3734.11, and 3734.99; (4) illegally storing hazardous wastes, in violation of R.C. 3734.02(F), 3734.11, and 3734.99; (5) criminal endangering, in violation of R.C. 2909.06; and (6) failing to complete a hazardous waste manifest, in violation of Ohio Adm. Code 3745-51-20, R.C. 3734.11, and 3734.99.
On July 16, 1999, appellant moved the trial court to dismiss the charges against him, on the grounds that they were barred by the statute of limitations. Appellant argued that the wastes were transported to Liberty sometime in 1991, and that, since more than six years had passed between the transportation and unloading of the barrels, the six-year statute of limitations on felonies barred prosecution of the charges against appellant.
The state argued that the violations were a continuing course of conduct, and thus, the limitations period did not begin to run until the course of conduct terminated. Because the barrels remained on the Liberty property until at least the summer of 1997, the state argued, the six-year statute of limitations had not run before appellant was indicted in 1999.
The trial court determined that it would need to hear testimony to decide the statute of limitations issue, so it deferred ruling on the motion until trial. After presentation of the state's case at trial, appellant renewed his motion to dismiss.
The trial court dismissed count one, illegal transportation of hazardous wastes, and count six, failure to complete a hazardous waste manifest. The court reasoned that those offenses were not continuing courses of conduct, and thus, since the state could not prove that they occurred within the statutory period, prosecution for these offenses was time-barred. The court did not dismiss counts two through five, reasoning that they were the results of a continuing course of conduct, and so, they were not barred by the statute of limitations.
At trial, facts were introduced to show that the drums on the Liberty property originated at appellant's paint wholesale/retail business in Mahoning County, Century 21. Employees of Liberty would travel to Century 21, pick up a pre-loaded truck at appellant's warehouse, drive the loaded truck back to Liberty, and unload the truck. The barrels were then stacked on the Liberty property, and covered by waste tires, automobile parts, and other solid waste.
After a three-day bench trial, appellant was convicted on counts two through five, and sentenced.
Appellant raises the following assignments of error:
 "[1.] The trial court erred in not dismissing the indictment against appellant.
 "[2.] The trial court erred in not merging counts two, three, and four.
 "[3.] The state failed to prove that the property of Edward Margala sustained physical harm.
 "[4.] The state failed to prove that venue was proper in Trumbull County."
 In appellant's first assignment of error, he argues that all of the charges against him were barred by the statute of limitations, and should have been dismissed. He argues that when the drums of waste were shipped to Liberty in 1991, he relinquished control over them, and thus, the statute began to run in 1991.
The felonies of which appellant is accused do not have their own statutes of limitations, so the court used the general statute of limitations for felonies, found in R.C. 2901.13. This section states that:
 "(A)(1) Except as provided in division (A)(2) or (3) of this section or as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:
"(a) For a felony, six years;
"* * *
 "(D) An offense is committed when every element of the offense occurs. In the case of an offense of which an element is a continuing course of conduct, the period of limitation does not begin to run until such course of conduct or the accused's accountability for it terminates, whichever occurs first."
 It is clear, then, that if the offenses appellant was convicted of are continuing offenses, the limitations period did not begin to run until the conduct ceased. The trial court found that appellant's conduct was continuing and that it continued until at least 1997.
Essentially, appellant challenges the sufficiency of the evidence presented on the issue of the continuing nature of his crimes. In reviewing a record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
In the case at bar, there was ample evidence presented to the trial court that appellant's course of conduct and accountability continued until at least 1997. Evidence was introduced to show that, when the search warrant was executed on the Liberty property, barrels of hazardous waste were actively leaking onto the ground. The markings on the barrels found on the Liberty property were traceable to appellant's business. Evidence was introduced to show that the man who ran Liberty was a friend of appellant, that the barrels were taken and stored at Liberty at appellant's behest, and that the barrels were not given as gifts or sold to Liberty.
Thus, viewing the evidence in a light most favorable to the prosecution, the trial court could have found beyond a reasonable doubt that the statute of limitations had not run on the crimes on which appellant was indicted. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, he argues that the trial court should have merged counts two, failing to evaluate wastes; three, illegally disposing of hazardous wastes; and four, illegally storing hazardous wastes. Appellant argues that these are allied offenses of similar import, and thus, he could only have been convicted of one, not all three.
Ohio's statute governing multiple counts, R.C. 2941.25, provides:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 When a court examines offenses to determine whether they are allied offenses of similar import, the court must first analyze the elements of each crime in the abstract to determine whether the elements correspond so much that the commission of one crime will automatically result in the commission of the other. State v. Rance
(1999), 85 Ohio St.3d 632, 638-39, citing State v. Jones
(1997) 78 Ohio St.3d 12, 14. If the elements correspond to the extent that they are allied offenses, the defendant may still be convicted of both crimes if it can be shown that the defendant acted with a separate animus or committed the crimes separately. Id.
The three crimes are offenses of dissimilar import, as their elements do not correspond to the extent that the commission of one necessarily entails the commission of the other. Thus, it was not error for the trial court to convict appellant of all three offenses. In coming to this determination, we must look carefully at the elements of the offenses that appellant claims are allied.
In count two, appellant was convicted of failing to evaluate wastes to determine whether they are hazardous. This offense is found in Ohio Adm. Code 3745-52-11, which states: "[a]ny person who generates a waste in the state of Ohio, as defined in rule 3745-51-02 of the Administrative Code, or any person who generates a waste outside of the state of Ohio that is managed in the state of Ohio, shall determine if that waste is a hazardous waste * * *."
In count three, appellant was convicted of illegally disposing of hazardous wastes. The definition of disposal is located in R.C.3734.01(F). It states, in pertinent part:
 "`Disposal' means the discharge, deposit, injection, dumping, spilling, leaking, emitting, or placing of any solid wastes or hazardous waste into or on any land or ground or surface water or into the air, except if the disposition or placement constitutes storage or treatment * * *." (Emphasis added.)
 In count four, appellant was convicted of illegally storing hazardous wastes. The definition of storage is found in R.C. 3734.01(M), which states in pertinent part:
 "`Storage,' when used in connection with hazardous waste, means the holding of hazardous waste for a temporary period in such a manner that it remains retrievable and substantially unchanged physically and chemically and, at the end of the period, is treated; disposed of; stored elsewhere; or reused, recycled, or reclaimed in a beneficial manner. * * *."
 It is evident from an examination of the definitions of storage and disposal, that the commission of one does not automatically result in the commission of the other. The definition of disposal expressly states that it does not include activities classified as storage. If the one definition expressly excludes the other, the commission of one can not automatically result in the commission of the other. The offense of failure to determine whether waste is hazardous also does not correspond with the other offenses in such a manner that commission of one is necessarily a commission of the other. Failure to identify wastes requires that the defendant be the generator of the wastes; the other two offenses do not have such a requirement. Also, the statute only requires that the generator identify the wastes; one can fail to identify wastes without necessarily disposing of or storing those wastes in an illegal manner.
Appellant nevertheless argues that each of these offenses is allied, since illegal storage and disposal violate R.C. 3734.02 and R.C.3734.11(A), and failure to identify wastes violates R.C. 3734.11(A), and the penalties for all three offenses are determined by R.C. 3734.99.
R.C. 3734.02(F) provides that:
 "No person shall store, treat, or dispose of hazardous waste identified or listed under this chapter and rules adopted under it, regardless of whether generated on or off the premises where the waste is stored, treated, or disposed of, or transport or cause to be transported any hazardous waste identified or listed under this chapter and rules adopted under it to any other premises, except at or to any of the following [approved hazardous waste facilities.]"
 While this statute does mention both storage and disposal of hazardous wastes, and states that doing both improperly is prohibited, it does not, in itself, state what activities constitute storage and what constitute disposal. Thus, the statutory definitions must be consulted, and, upon consulting the definitions, it is clear that illegal storage and disposal of hazardous waste do not correspond in such a way that they are allied.
In addition, R.C. 3734.11(A) merely states that "[n]o person shall violate any section of this chapter, any rule adopted under it, or any order issued under section 3734.13 of the Revised Code." Obviously, this section does not prohibit any specific actions; it simply prohibits violating Ohio's hazardous waste laws in general. For the specific elements of an offense, one must look to the specific definitions of the individual violations. Once again, as stated above, these three offenses do not correspond in such a way that they are allied.
Finally, appellant claims that all three offenses are part of R.C.3734.99(A), and that this makes them allied. R.C. 3734.99 merely establishes penalties for violating sections of the hazardous waste laws and regulations. The penalties statutorily mandated for violations of a crime are not elements of the crime itself, and thus, are not elements used to determine whether the crimes are allied. Thus, appellant's second assignment of error is without merit.
In appellant's third assignment of error, he claims that he could not be convicted of criminal damaging because the state did not prove that the Liberty property sustained any actual physical harm.
Ohio's criminal damaging statute, R.C. 2909.06, states that:
 "(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:
 "(1) Knowingly, by any means; * * *" (Emphasis added.)
 Thus, it is clear that, by the plain language of the statute, appellant could have been found guilty of criminal damaging if the court found that he either caused actual damage or created a substantial risk of damage. Evidence was presented that the drums of waste paints and solvents spilled and contaminated the ground. This constitutes actual damage to the property. However, even if the state failed to prove actual damage, the court did not err in finding appellant guilty of criminal damaging, as the presence of the wastes, buried under tires and car parts, created a substantial risk of damage to the property. Appellant's third assignment of error is without merit.
In appellant's fourth assignment of error, he argues that the state failed to prove that venue was proper in Trumbull county. Appellant reasons that, because employees of Liberty drove the trucks, pre-loaded with appellant's hazardous wastes, from Mahoning to Trumbull County, none of his criminal acts occurred in Trumbull County.
R.C. 2901.12, Ohio's venue statute, provides that: "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." R.C. 2901.12(A). Venue is not a material element of any crime, but is a fact that must be proven beyond a reasonable doubt unless the defendant waives it. State v. Headley
(1983), 6 Ohio St.3d 475, 477. Venue, however, need not be proved in express terms, as long as it is shown by all the facts and circumstances of the case. Id., citing State v. Dickerson (1907), 77 Ohio St. 34, paragraph one of the syllabus.
Furthermore, under R.C. 2901.12, "[w]hen an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred."
Essentially, appellant challenges the sufficiency of the evidence presented on the issue of venue by the state. When a court reviews the record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
As we concluded in appellant's first assignment of error, appellant's conduct of storing and disposing of hazardous wastes at the Liberty site was a continuing offense. Each of these offenses began in Mahoning County, when the barrels of waste were loaded onto the truck, but continued in Trumbull County with the illegal storage and disposal of the waste.
Appellant argues that neither he nor his employees drove the truck into Trumbull County, and that they did not unload the barrels or stack them on the Liberty property. There is sufficient evidence in the record, however, to support a finding by the trial court that appellant was responsible for the barrels of waste traveling into Trumbull County and for the storage and disposal of the waste in Trumbull County. Evidence was presented which would show that the barrels were loaded onto the trucks by appellant's employees, the barrels were transported to Liberty and stored at appellant's behest, the barrels had markings specific to appellant's business operation, and that Liberty did not take ownership of the barrels of waste. This is sufficient evidence to show that the crimes of illegal storage and disposal of hazardous wastes, committed by appellant, were committed in Trumbull County. Appellant's fourth assignment of error is without merit.
For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.
JUDGE ROBERT A. NADER, O'NEILL, P.J., FORD, J., concur.