DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Michael Cervantes, appeals the November 10, 2004 judgment of the Wood County Court of Common Pleas which, following a jury verdict finding him guilty of receiving stolen property, sentenced appellant to 11 months of imprisonment. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} On January 8, 2004, appellant was indicted on one count of receiving stolen property, R.C. 2913.51, a fifth degree felony. The charge stemmed from appellant's November 2, 2003 arrest after he was caught with a stolen checkbook. Appellant entered a not guilty plea.
 {¶ 3} On September 24, 2004, the matter proceeded to trial and the following evidence was presented. Marlene Bernal testified that in early September 2003, she lost her wallet at the Charter One Bank in east Toledo, Lucas County, Ohio. Bernal stated that the wallet contained credit cards, store cards, her driver's license, and her checkbook and cash. Bernal testified that she did not know appellant and had not given him permission to use her checks.
 {¶ 4} Next, Northwood Police Sergeant Douglas Hubaker testified that on November 1, 2003, just before midnight, he received a radio call from off-duty police officer, Sergeant Campbell, working at the Frisch's Big Boy on Woodville Road in Wood County, Ohio. Campbell indicated that there were three individuals "huddling" around the Fifth Third Bank ATM across the parking lot from the restaurant and that they had been there approximately 15 to 20 minutes.
 {¶ 5} Sergeant Hubaker testified that he and his partner, Officer Genzman, located the individuals at the Meijer gas station across the street from the bank. When questioned about the length of time they were at the ATM, appellant indicated that he was using his wife's ATM card and was withdrawing $20 at a time. Hubaker asked appellant for the ATM card and conducted record checks on all three individuals. Mr. Crowley had an arrest warrant out of Stark County, Ohio, and he was placed under arrest. Appellant and the third individual were permitted to leave; they walked toward the Meijer store on foot. In conducting the search of Crowley incident to arrest, Hubaker discovered several checks in Ms. Bernal's name, an ATM receipt and cash. According to Hubaker, Crowley implicated appellant
 {¶ 6} Once Ms. Bernal confirmed that she had not given Crowley permission to use her checks, Crowley was secured in the back of the police cruiser. Sergeants Hubaker and Campbell, along with two Oregon police officers, entered the Meijer store to find appellant and the third individual. Hubaker testified they requested assistance from the Oregon Police because, although the Meijer parking lot is in Northwood, Wood County, the Meijer store is in Oregon, which is in Lucas County. Hubaker indicated that approximately five minutes elapsed between allowing appellant to leave and the officers going into Meijer to apprehend him.
 {¶ 7} After they located appellant and the third individual, they were placed under arrest for "complicity." During the search of appellant, they found Ms. Bernal's checkbook, ATM receipts, a third check, and some cash.
 {¶ 8} Appellant and the third individual were transported to the Northwood Police Station and informed of their Miranda rights. Appellant then indicated that he would like to cooperate. According to Sergeant Hubaker, appellant stated that he lived with Crowley in east Toledo and that Crowley had brought Ms Bernal's "pocketbook" back to the house. Appellant was to deposit checks into his wife's ATM account and withdraw the money against it. Appellant indicated that Ms. Bernal's pocketbook and its contests were still at his home and appellant gave Hubaker permission to search the home. With the assistance of the Toledo Police Department, Hubaker went to appellant's home where he found Ms. Bernal's pocketbook. In Crowley's room they found additional checks and some other items.
 {¶ 9} During cross-examination, Sergeant Hubaker admitted that he did not know if appellant had the checks at the ATM machine; Hubaker did not discover them until appellant was searched in the Meijer store. The state then rested and defense counsel indicated that appellant had no witnesses to present.
 {¶ 10} Appellant then moved for acquittal pursuant to Crim.R. 29. Appellant argued that the state failed to prove that appellant was in possession of the checks in Wood County. The motion was denied. Appellant was found guilty and on November 10, 2004, appellant was sentenced to 11 months of imprisonment and was ordered to make restitution. This appeal followed.
 {¶ 11} Appellant has raised three assignments of error for our review:
 {¶ 12} "First assignment of error
 {¶ 13} "The trial court erred when it denied defendant's motion for acquittal.
 {¶ 14} "Second assignment of error
 {¶ 15} "The state failed to provide sufficient evidence as a matter of law to support the verdict.
 {¶ 16} "Third assignment of error
 {¶ 17} "The verdict was against the manifest weight of the evidence."
 {¶ 18} The court, like appellant, will concurrently address appellant's first and second assignments of error as they are interrelated. In his first assignment of error, appellant argues that the trial court erred in denying his motion for acquittal. In his second assignment of error, appellant argues that his conviction was not supported by sufficient evidence.
 {¶ 19} Crim.R. 29(A) provides that the trial court shall enter a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." Thus, "the test an appellate court must apply when reviewing a challenge based on a denial of a motion for acquittal is the same as in reviewing a challenge based upon on the sufficiency of the evidence to support a conviction." State v. Thompson
(1998), 127 Ohio App.3d 511, 525.
 {¶ 20} In reviewing a sufficiency of the evidence claim, the relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found all the essential elements of the crime proven beyond a reasonable doubt. State v. Jones
(2000), 90 Ohio St.3d 403, 417, 2000-Ohio-187, citing Jackson v.Virginia (1979), 443 U.S. 307, 319, and State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. "On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." State v. Thompkins, 78 Ohio St.3d 380, 390,1997-Ohio-52 (Cook, J., concurring).
 {¶ 21} Venue is an element, though not material, in all criminal prosecutions and must be proved beyond a reasonable doubt. State v.Headley (1983), 6 Ohio St.3d 475, 477. The state may prove venue by either direct evidence or circumstantial evidence establishing venue "by all the facts and circumstances in the case." Id. Venue is proper in the county where the offense or any element of the offense was committed. R.C. 2901.12(A).
 {¶ 22} In the present case, appellant was charged with a violation of R.C. 2913.51, which provides: "(A) No person shall receive, retain, or dispose of property of another knowing of having reasonable cause to believe that the property has been obtained through commission of a theft offense." Appellant does not dispute that he obtained property through the commission of a theft offense. The question before us is whether the state provided sufficient evidence that appellant retained the checks in Wood County.
 {¶ 23} Sergeant Hubaker testified at trial that the three individuals were originally detained in Wood County, and that the ATM where the suspicious activity occurred was also in Wood County. Mr. Crowley was searched in Wood County and Ms. Bernal's checks were discovered. Crowley implicated appellant. Appellant and a third individual, prior to Crowley's search, were permitted to leave. They walked across the parking lot, in Wood County, and into Meijer, in Lucas County. Hubaker testified that the total time between when they allowed appellant to leave and his subsequent apprehension was approximately five minutes; Bernal's checkbook, along with some ATM receipts, were discovered on his person. Appellant admitted that he and Crowley were involved in a scheme and that he was depositing Bernal's checks into his wife's ATM account and withdrawing money against it. Based on the foregoing, we find that sufficient circumstantial evidence existed to support the element of venue beyond a reasonable doubt. Accordingly, appellant's first and second assignments of error are not well-taken.
 {¶ 24} In appellant's third and final assignment of error he contends that the verdict was against the manifest weight of the evidence. "Weight of the evidence" refers to the jury's resolution of conflicting testimony. State v. Thompkins, 78 Ohio St.3d at 387, 1997-Ohio-52. In determining whether a verdict is against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and "* * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at 387.
 {¶ 25} In this assignment of error, appellant again argues that the state failed to prove that the offense was committed in Wood County. At trial, no conflicting evidence was presented; additionally, appellant did not present any witnesses. Thus, the jury had only to weigh the state's evidence and assess the credibility of the state's witnesses in determining whether appellant committed the offense. After reviewing all the evidence in this case, we cannot say that the jury lost its way and created a manifest miscarriage of justice by finding appellant guilty of receiving stolen property. Appellant's third assignment of error is not well-taken.
 {¶ 26} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Arlene Singer, P.J., and William J. Skow, J., concur.