{¶ 19} I respectfully concur with the majority's analysis and disposition of appellant's second assignment of error. I also concur with the majority as to the disposition of the case. However, I disagree with the majority's determination that appellant's first assignment of error is moot.
 {¶ 20} Appellant, in his first assignment of error, argues that the record is devoid of evidence that the felonious assault charged in the indictment occurred in Knox County, Ohio. Because, in all criminal prosecutions, dismissal is the appropriate remedy where the State fails to prove venue at trial (See State v.Pausch (Jan. 28, 1991), Franklin App. No. 98 AP 1096, 1999 WL 35352 citing, State v. Headley, (1983), 6 Ohio St.3d 475,435 N.E.2d 716), I would find that appellant's first assignment of error is not moot.
 {¶ 21} Appellant, in his first assignment, specifically maintains that appellee failed to prove that the offense in this matter occurred in Knox County, in the State of Ohio, as opposed to Knox County in another State.
 {¶ 22} It is well established that, in criminal prosecutions, the State is required to establish venue beyond a reasonable doubt. See State v. Headley (1983), 6 Ohio St.3d 475,453 N.E.2d 716; State v. Dickerson (1907), 77 Ohio St. 34,82 N.E. 969. However, the Ohio Supreme Court has held that "[i]t is not essential that venue . . . be proven in express terms, provided it be established by all the facts and circumstances in the case, beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the indictment." Dickerson,
supra, at syllabus paragraph one. In Dickerson, the State produced evidence regarding the township and county in which the offense took place, but did not elicit specific testimony that said offense occurred within the State of Ohio. Id. at 56. The Supreme Court upheld the conviction, finding that venue was sufficiently established without specific mention of the State of Ohio.
 {¶ 23} In the case sub judice there was no specific mention of the State of Ohio at trial. However, appellant testified that the incident took place on his property and that his property was located in Knox County. In addition, Deputy David Light testified on direct examination that he was employed by the Knox County Sheriff's Office and that all of the locations that he marked on an aerial map from the Knox County Map Department were in Knox County. The deputy had used such map to mark the location of the felonious assault in this case. Deputy Light further testified that, on the date in question, he was dispatched to a residence in the Village of Fredericktown. As noted by appellee, "[a]ppellee produced sufficient evidence that the incident in question took place near the Village of Fredericktown and in Knox County, both of which are found in the State of Ohio."
 {¶ 24} In light of the above, I would find that, under the totality of the circumstances, the State had proven venue beyond a reasonable doubt.[1]
[1] See In re Heater (Feb. 10, 1997), Stark App. No. 1996 CA 00208, 1997 WL 117136. In Heater, the appellant alleged that the State had failed to prove venue. In rejecting the appellant's argument, this court held, in relevant part, as follows: "In the instant case, the record reflects Officer Morrison testified that the shooting incident occurred in the 300 block of West Summit and that said block was located in Stark County. (Tr. at 6-7.) In addition, Officer Morrison testified he is a police officer with the City of Alliance and that Bevington and the other occupants of the vehicle reported the shooting incident to the Alliance Police Department. (Tr. at 16.) In light of the above, we find the trial court did not err in determining that, under the totality of the circumstances, the State had proven venue beyond a reasonable doubt." Id. at 2.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is reversed and remanded for further proceedings consistent with this opinion. Costs assessed to Appellee State of Ohio.