[Cite as *Cleveland v. Snyder*, 2025-Ohio-2986.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114465 |
| v. | : | |
| THOMAS M. SNYDER, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 21, 2025

Criminal Appeal from the Cleveland Municipal Court
Case No. 2024-TRD-001623

***Appearances:***

Mark Griffin, Cleveland Director of Law, and Margaret Scott and Desiree Land, Assistant Directors of Law, Aqueelah A. Jordan, Chief Prosecutor, and Aric Kinast, Assistant Prosecutor, *for appellee.*

Law Offices of Brent L. English and Brent L. English, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Thomas M. Snyder ("Snyder") appeals his convictions for violating Cleveland Codified Ordinances ("C.C.O.") 439.11(A) and

(B) and 437.27(B)(1). After a thorough review of the record and applicable law, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} On January 25, 2024, Snyder operated a commercial dump truck hauling rock salt from the Cargill mine in Cleveland. Officer David Walter ("Officer Walter"), of the Cleveland Police Department's commercial vehicle enforcement division, observed Snyder's truck carrying a visible load of rock salt piled above the bed's side rails and lacking a protective cover. Officer Walter followed the vehicle across the Detroit-Superior Bridge and conducted a traffic stop near West Huron Road.

{¶ 3} Upon inspection, Officer Walter determined that Snyder's truck lacked sufficient wheel protectors and that Snyder was not wearing a seatbelt. He issued citations for:

> 1. Loads dropping or leaking, in violation of C.C.O. 439.11(A), a third-degree misdemeanor;
>
> 2. Inadequate wheel protectors, in violation of C.C.O. 439.09, a minor misdemeanor; and
>
> 3. Failure to wear a seatbelt, in violation of C.C.O. 437.27(B)(1), also a minor misdemeanor.

{¶ 4} A jury trial was held July 25, 2024, on Count 1, loads dropping or leaking, in violation of C.C.O. 439.11. The jury subsequently found Snyder guilty.

{¶ 5} The trial court separately heard the counts relative to C.C.O. 439.09 and 437.27(B)(1) and found Snyder guilty of inadequate wheel protectors and failure

to wear a seatbelt, both minor misdemeanors. Snyder timely appeals, raising the following assignments of error:

## Assignment of Error No. 1

The trial court erred by denying Snyder's motion for a directed verdict on the charge of violating C.C.O. 439.11(A), as the evidence was legally insufficient.

## Assignment of Error No. 2

The trial court erred by denying Snyder's motion for a directed verdict on the charge of violating C.C.O. 439.11(B), as the evidence was legally insufficient.

## Assignment of Error No. 3

The conviction for violating C.C.O. 439.11(A) is against the manifest weight of the evidence.

## Assignment of Error No. 4

The conviction for violating C.C.O. 439.11(B) is against the manifest weight of the evidence.

## Assignment of Error No. 5

The trial court erred by denying Snyder's motion for a directed verdict on the charge of violating C.C.O. 437.27(B)(1), as the evidence was legally insufficient.

## Assignment of Error No. 6

The conviction for violating C.C.O. 437.27(B)(1) is against the manifest weight of the evidence.

## II. Law and Analysis

{¶ 6} For ease of analysis, we address the assignments of error together and out of order where appropriate.

### A. Standard of Review

{¶ 7} Snyder challenges the convictions of C.C.O. 439.11 on sufficiency and manifest-weight grounds in his first and third assignments of error. When reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court's function is to examine the evidence admitted at trial and determine whether, if believed, it would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

### B. Conviction under C.C.O. 439.11(A) Load Dropping or Leaking

{¶ 8} C.C.O. 439.11(A) provides in relevant part: "No vehicle shall be driven or moved on any highway unless the vehicle is so constructed, loaded or covered as to prevent any of its load from dropping, sifting, leaking or otherwise escaping therefrom."

{¶ 9} At trial, Officer Walter testified that he observed rock salt visible above the side rails of Snyder's truck bed and that the load was not covered with a tarp or any protective material. Based on his experience in commercial vehicle enforcement, Officer Walter concluded that the load was susceptible to escape during operation.

{¶ 10} Snyder offered testimony from the truck owner, Jeffrey Kendera, who indicated the truck was loaded in a typical fashion and that his trucks had never lost rock salt during transport. However, the jury was entitled to find Officer Walter's testimony credible and determine that the visibility of the uncovered load posed a risk contemplated by the ordinance.

{¶ 11} The ordinance does not require proof that material escaped the truck; it is sufficient to show that the truck was not loaded or covered in a manner that would prevent escape. Here, the jury's findings were supported by sufficient competent, credible evidence and satisfied the sufficiency standard.

{¶ 12} A challenge to the manifest weight of the evidence questions whether the trier of fact clearly lost its way in resolving factual disputes, thereby resulting in a manifest miscarriage of justice. *State v. Wilks,* 2018-Ohio-1562, ¶ 168, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). Such a challenge attacks the credibility and persuasiveness of the evidence presented. *State v. Whitsett,* 2014-Ohio-4933, ¶ 26 (8th Dist.), citing *Thompkins* at ¶ 387. The reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Nicholson*, 2024-Ohio-604, ¶ 71.

{¶ 13} As the trier of fact, the jury was in the best position to observe the demeanor of the witnesses and to assess their credibility. *See State v. Jordan,* 2023-Ohio-3800, ¶ 26, citing *Thompkins* at ¶ 387. A reversal on manifest-weight grounds is reserved for the rare case in which the evidence weighs heavily against the conviction. *Nicholson* at ¶ 71.

{¶ 14} Accordingly, assignments of error Nos. 1 and 3 are overruled.

### C. C.C.O. 439.11(B) Unsanitary Load

{¶ 15} Snyder challenges his conviction under C.C.O. 439.11(B) in his second and fourth assignments of error. C.C.O. 439.11(B) provides in relevant part:

> Except for a farm vehicle used to transport agricultural produce or agricultural production materials or a rubbish vehicle in the process of acquiring its load, no vehicle loaded with garbage, swill, cans, bottles, waste paper, ashes, refuse, trash, rubbish, waste, wire, paper, cartons, boxes, glass, solid waste or any other material of an unsanitary nature that is susceptible to blowing or bouncing from a moving vehicle shall be driven or moved on any highway unless the load is covered with a sufficient cover to prevent the load or any part of the load from spilling onto the highway.

{¶ 16} Although the briefs referenced C.C.O. 439.11(A) and 439.11(B), the trial court referred to C.C.O. 439.11, and the jury was instructed only on subsection (A). The trial court stated:

> Before you can find the defendant guilty of violation of loads dropping or leaking, you must find, beyond a reasonable doubt that, on or about the 25th day of January 2024 and in Cleveland, Ohio the defendant did drive or moved a vehicle on any highway without the vehicle being so constructed loaded or covered as to prevent any of its load from dropping, shifting, sifting, leaking, or otherwise escaping.

(Tr. 247.)

{¶ 17} Moreover, the journal entry dated September 11, 2024, reflects a conviction for only one count of loads dropping or leaking in violation of C.C.O. 439.11, consistent with the jury instructions. It is well established that a conviction cannot rest on an offense for which no finding was entered. *See State v. Headley*, 6 Ohio St.3d 475, 478 (1983).

{¶ 18} Here, the citation does not indicate that Snyder was charged under C.C.O. 439.11(B), nor does the journal entry indicate a conviction under that

subsection. Consequently, our review is limited to the offenses identified in the citation and judgment entry. Because Snyder was neither charged nor convicted under C.C.O. 439.11(B), there is no conviction for this court to review. Accordingly, any challenge to the sufficiency or weight of the evidence as to subsection (B) is moot.

### D. C.C.O. 437.27(B)(1) Seatbelt

{¶ 19} In his fifth and sixth assignments of error, Snyder also challenges the sufficiency and weight of the evidence supporting his conviction for failing to wear a seatbelt under C.C.O. 437.27(B)(1). Specifically, Snyder argues that the evidence failed to prove he was not wearing a seatbelt while driving and his conviction was against the manifest weight of the evidence.

{¶ 20} Officer Walter testified that he did not observe Snyder wearing a seatbelt at the time of the stop. Officer Walter further testified that he asked Snyder why he was not wearing a seatbelt, and although he could not recall Snyder's exact words, he remembered informing Snyder that he still had to wear a seatbelt while operating a commercial vehicle.

{¶ 21} The body-camera footage of the stop corroborates the fact that the officer posed the question. Snyder's response was captured on video but was inaudible for the reviewing court. Nevertheless, the trial court, as the finder of fact, was in the best position to evaluate the totality of the evidence, including Officer Walter's testimony and demeanor in making its credibility assessments. *See State v. DeHass,* 10 Ohio St.2d 230 (1967), paragraph one of the syllabus.

{¶ 22} Viewing the evidence in a light most favorable to the prosecution, the trial court could reasonably find that Snyder was not wearing a seatbelt while operating the vehicle. The conviction under C.C.O. 437.27(B)(1) is therefore supported by sufficient evidence and is not against the manifest weight of the evidence.

{¶ 23} Accordingly, Snyder's fifth and sixth assignments of error are overruled.

{¶ 24} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

ANITA LASTER MAYS, JUDGE

DEENA R. CALABRESE, J., CONCURS;
EMANUELLA D. GROVES, P.J., CONCURS IN PART AND DISSENTS IN PART
(WITH SEPARATE OPINION)

EMANUELLA D. GROVES, P.J., CONCURRING IN PART AND DISSENTING IN PART:

{¶ 25} While I concur fully with the remainder of the opinion, I must dissent on the conviction for the seat-belt violation. The officer testified that he did not observe Snyder driving without a seat belt. In fact, Officer Walter assumed Snyder was not wearing a seat belt because when he informed Snyder he was issuing a seat-belt citation, Snyder did not immediately respond by saying he took off his seat belt after he was stopped. I would find the testimony insufficient to support a conviction.