DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from the judgment and sentence of the Wood County Court of Common Pleas which, following a bench trial, found appellant, Michelle Naugle, guilty of one count of forgery, in violation of R.C. 2913.31(A)(3), and one count of receiving stolen property, in violation of R.C. 2913.51. Appellant raises the following assignments of error:
 {¶ 2} "First assignment of error
 {¶ 3} "The trial court erred in allowing the state to present evidence not supplied to the defendant in discovery.
 {¶ 4} "Second assignment of error
 {¶ 5} "The verdict was insufficient as a matter of law when the trial court found that the state had established venue beyond a reasonable doubt."
 {¶ 6} On November 21, 2001, an indictment was filed charging appellant with three counts of forgery and three counts of receiving stolen property. The charges stemmed from appellant's act of removing, without permission, three blank checks from her mother-in-law's checkbook and negotiating them by forging her mother-in-law's signature. On May 22, 2002, a bench trial was held and the following relevant testimony was presented.
 {¶ 7} Bowling Green Police Officer Allan Baer testified that on November 5, 2002, he received a report of a stolen and forged check and responded to a Bowling Green, Wood County, Ohio address. Three checks were involved. Two were made out to "Barneys," a convenience store, and one was made out to "Steve Keen."
 {¶ 8} In order to establish the element of venue, Officer Baer was questioned as to whether all the elements of the offenses occurred in Wood County. Defense counsel's objection to the question was sustained. Baer did testify that his entire investigation took place in Wood County. Baer then attempted to testify that appellant stated she had written the checks in Wood County, but appellant's hearsay objection was sustained.
 {¶ 9} Regarding the checks, Baer indicated that all three were processed at Sky Bank in Bowling Green, Ohio. Bear further testified that the reverse side of Barneys' checks were stamped "JF ENTERPRISES #3 DBA BARNEYS SOUTH." Officer Bear explained that Barneys has three locations in Bowling Green: south, north and east. Bear did acknowledge that it would be possible for Barneys locations in Columbus to also be referred to as north, south, east and west.
 {¶ 10} During redirect examination, the state further questioned Baer as to whether appellant made any statements as to where she used the checks. Defense counsel objected stating that such information should have been included in appellant's discovery request. The objection was sustained and the state then moved to amend its discovery to include the statement. Thereafter, the court allowed Baer's testimony that appellant stated to him that she used the Barneys' checks at the Barneys in Bowling Green. Baer testified that he could not recall where appellant stated she wrote the "Steve Keen" check. Baer admitted that this information was neither in appellant's written confession nor his written report and that he just remembered it while testifying. Over defense counsel's renewed objection the trial court allowed the testimony. Appellant was subsequently convicted on one count of forgery and one count of receiving stolen property. This appeal timely followed.
 {¶ 11} Appellant's first assignment of error argues that the trial court erred when it allowed the state to present Baer's testimony regarding venue as it was not provided to appellant during discovery. Specifically, appellant cites to the discovery requirements under Crim.R. 16(B) which provides, in part:
 {¶ 12} "(B) Disclosure of evidence by the prosecuting attorney.
 {¶ 13} "(1) Information subject to disclosure. (a) Statement of defendant or co-defendant. Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:
 {¶ 14} "(i) Relevant written or recorded statements made by the defendant or co-defendant, or copies thereof;
 {¶ 15} "(ii) Written summaries of any oral statement, or copies thereof, made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer; * * *."
 {¶ 16} While appellant acknowledges that the above-quoted rule does not specifically provide for the discovery of unrecorded oral statements, she contends that current precedent provides that unrecorded oral statements are also discoverable. See State v. Bidinost (1994),71 Ohio St.3d 449, 456.
 {¶ 17} The state and this court do not disagree with the proposition that unrecorded oral statements may be discoverable and that, in the instant case, Crim.R. 16 was violated. However, Crim.R. 16(E)(3) grants the court discretion in regulating discovery and imposing sanctions for a discovery violation. Thus, the reviewing court will reverse the trial court's decision only upon a showing of an abuse of discretion. An abuse of discretion connotes more than an error of law and judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 18} In State v. Parson (1983), 6 Ohio St.3d 442, syllabus, the Ohio Supreme Court set forth the following three-part test to determine whether a trial court abused its discretion under Crim.R. 16(E)(3) by allowing the admission of an unrecorded oral statement by a co-defendant:
 {¶ 19} "Where, in a criminal trial, the prosecution fails to comply with Crim.R. 16(B)(1)(a)(ii) by informing the accused of an oral statement made by a co-defendant to a law enforcement officer, and the record does not demonstrate (1) that the prosecution's failure to disclose was a willful violation of Crim.R. 16, (2) that foreknowledge of the statement would have benefitted the accused in the preparation of his defense, or (3) that the accused was prejudiced by admission of the statement, the trial court does not abuse its discretion under Crim.R. 16(E)(3) by permitting such evidence to be admitted."
 {¶ 20} The Parson test was later applied by the Ohio Supreme Court, in State v. Bidinost, 71 Ohio St.3d at 456, as to the admission of an unrecorded oral statement of the defendant.
 {¶ 21} Applying Parson and Bidinost to the case sub judice, we first find that the state did not wilfully violate Crim.R. 16(E)(3) because Officer Baer testified that he recalled the statement made by appellant while being questioned during the trial. We next find, as to the second and third Parson factors, that appellant has failed to demonstrate how foreknowledge of the statement would have aided in the preparation of her defense. Appellant has also failed to demonstrate unfair prejudice. Had appellant felt that the statement adversely affected her defense, a continuance could have been requested. Appellant's first assignment of error is not well-taken.
 {¶ 22} Alternatively, appellant's second assignment of error contends that even assuming that the admission of testimony regarding venue was not improper, it was insufficient to establish venue as a matter of law. In reviewing a sufficiency argument "the relevant inquiry is whether, when viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 23} Venue is an element, though not material, in all criminal prosecutions and must be proved beyond a reasonable doubt. State v.Headley (1983), 6 Ohio St.3d 475, 477. The state may prove venue by either direct evidence or circumstantial evidence establishing venue "by all the facts and circumstances in the case." Id. Venue is proper in the county where the offense or any element of the offense was committed. R.C. 2901.12(A).
 {¶ 24} In the instant case, Officer Baer testified that appellant told him the Barneys' checks were written in Bowling Green. Baer further testified that the "Barneys South" endorsement on the back of the check referenced the Barneys on South Main Street in Bowling Green. Additionally, the victim and appellant lived in Bowling Green and the checks were presented for payment in Bowling Green. Based on the foregoing, sufficient direct and circumstantial evidence existed to support the element of venue beyond a reasonable doubt. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 25} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Wood County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Mark L. Pietrykowski, J. JUDGE CONCUR.