This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Stuart I. Lloyd, appeals the decision of the Summit County Court of Common Pleas, which found him guilty of trafficking in marijuana. This Court affirms.
 I. {¶ 2} In late May of 2000, Detective David Frisone of the Cuyahoga Falls Police Department received a complaint from a landlord concerning one of his tenants. Based upon that phone call, the police department began conducting surveillance on May 23, 2000, at an apartment complex located at 476 Graham Road in Cuyahoga Falls, Ohio. Appellant was identified as the individual that the police were to be watching. In July 2000, one of the officers employed by the Cuyahoga Falls Police Department was approached by Brenda Wortman. Miss Wortman told the officer that she had information concerning some drug activity that was going on in Cuyahoga Falls.
 {¶ 3} Detective Frisone then made arrangements to meet with Miss Wortman. From his talk with Miss Wortman, Detective Frisone learned that appellant was employed at the Supersonic Car Wash, where Miss Wortman was also employed. During the conversation with Detective Frisone, Miss Wortman agreed to participate in a controlled transaction to purchase marijuana from appellant. Then, Miss Wortman arranged to meet appellant on July 20, 2000, to purchase marijuana from him. Miss Wortman was given money from the police department's drug enforcement fund so that she could purchase the marijuana from appellant. Detective Frisone's supervisor drove Miss Wortman to appellant's apartment building on July 20, 2000. Before entering appellant's apartment, Miss Wortman was fitted with a wireless transmitter device so that the officers could monitor and record the transaction between Miss Wortman and appellant. After purchasing the marijuana from appellant, Miss Wortman turned over the marijuana to Sergeant Wagner of the Cuyahoga Falls Police Department.
 {¶ 4} To ensure that appellant was actually involved in selling drugs, the police asked Miss Wortman to arrange a second purchase of marijuana from appellant. The second transaction took place on July 27, 2000. On each occasion, the substance Miss Wortman purchased from appellant was placed in sealed plastic wrapping and sent to the Ohio Bureau of Criminal Identification ("BCI") for a chemical analysis report. Each of the substances purchased by Miss Wortman from appellant was found to be marijuana.
 {¶ 5} Appellant was indicted on two counts of trafficking marijuana in violation of R.C. 2925.03(A) and two counts of endangering children in violation of R.C. 2919.22(A).
 {¶ 6} After initially pleading guilty to one count of trafficking marijuana and one count of endangering children, appellant withdrew his guilty plea and the matter proceeded to jury trial. Prior to trial, the State dismissed the charges of endangering children. The jury found appellant guilty of both counts of trafficking marijuana. The trial court sentenced appellant to one year incarceration for each count, to be served concurrently, and a $500 fine. Appellant's sentence was suspended, and the trial court placed appellant on eighteen months community control.
 {¶ 7} Appellant timely appealed, setting forth three assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 8} "THE TRIAL COURT ERRED WHEN FAILING TO GRANT APPELLANT'S MOTION TO DISMISS FOLLOWING THE CONCLUSION OF STATE'S EVIDENCE ON GROUNDS THE STATE FAILED TO PROVE VENUE."
 {¶ 9} In his first assignment of error, appellant argues that the trial court erred in denying his Crim.R. 29 motion for acquittal. Appellant contends that the State failed to present sufficient evidence from which the jury could conclude that venue had been proven beyond a reasonable doubt.
 {¶ 10} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 11} When reviewing the legal sufficiency of the evidence to support a criminal conviction, it is the function of this Court:
 {¶ 12} "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 13} "`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." (Citation omitted.) State v. Thompkins (1997), 78 Ohio St.3d 380, 386. A reversal of a verdict based on the insufficiency of the evidence means that no rational trier of fact could have found the defendant guilty. Id.
 {¶ 14} Crim.R. 18(A) provides that "[t]he venue of a criminal case shall be as provided by law." Pursuant to R.C. 2901.12(A), "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." Appellant has contended that the state failed to produce sufficient evidence that the trafficking in marijuana offense of which appellant was convicted was committed in Summit County. Specifically, appellant argues that the State failed to present direct evidence regarding venue in this case.
 {¶ 15} Venue is not a material element of any crime, but is a fact that must be proven beyond a reasonable doubt. State v. Headley (1983),6 Ohio St.3d 475, 477. "In the prosecution of a criminal case, it is not essential that the venue of the crime be proved in express terms, provided it be established by all the facts and circumstances, beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the affidavit." State v. Gribble (1970), 24 Ohio St.2d 85, paragraph two of the syllabus. This Court has held "[v]enue, like any other fact, can be established by either direct or circumstantial evidence." State v. Collier (Jan. 18, 1989), 9th Dist. No. 13709.
 {¶ 16} In the case at bar, all counts of the indictment against appellant alleged that the activity giving rise to the charges occurred in Summit County. Detective Frisone testified that his supervisor dropped off Miss Wortman at appellant's apartment complex located at 476 Graham Road, Apartment 2, so she could purchase the marijuana from appellant. Detective Frisone further testified that 476 Graham Road is located in the city of Cuyahoga Falls, Summit County, Ohio. Miss Wortman testified that the apartment she went to and purchased the marijuana from appellant was located on Graham Road in Cuyahoga Falls.
 {¶ 17} Viewing the evidence in a light most favorable to the state, a rational trier of fact could have found this testimony sufficient to prove beyond a reasonable doubt that the events giving rise to appellant's trafficking marijuana conviction occurred in Summit County. Appellant's first assignment of error is not well taken.
 SECOND ASSIGNMENT OF ERROR {¶ 18} "APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 THIRD ASSIGNMENT OF ERROR {¶ 19} "APPELLANT'S CONVICTIONS WERE BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW."
 {¶ 20} Appellant's second and third assignments of error have been combined for purposes of discussion.
 {¶ 21} In his second and third assignments of error, appellant challenges the adequacy of the evidence produced at trial. Specifically, appellant avers that his convictions for trafficking marijuana were based on insufficient evidence and against the manifest weight of the evidence. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case. Appellant's assignments of error lack merit.
 {¶ 22} As a preliminary matter, this Court notes that sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. Thompkins, 78 Ohio St.3d at 386.
 {¶ 23} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 {¶ 24} "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 25} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 26} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 27} Appellant was found guilty of trafficking in marijuana, in violation of R.C. 2925.03, which provides: "No person shall knowingly * * * [s]ell or offer to sell a controlled substance[.]" R.C. 2925.03(A)(1).
 {¶ 28} Appellant argues that his conviction is against the manifest weight of the evidence because Miss Wortman, the confidential informant, was not a credible witness. This Court notes that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 29} Miss Wortman testified that she contacted the Cuyahoga Falls Police Department regarding drug activity at the car wash where she and appellant were both employed. Miss Wortman further testified that, after speaking with Detective Frisone, she agreed to be a confidential informant. Miss Wortman described in detail each of the drug transactions between her and appellant.
 {¶ 30} The prosecution played the tapes from each of the two drug transactions between Miss Wortman and appellant. Miss Wortman verified that the tapes were accurate depictions of the two drug transactions and clarified what was going on at various points on the tapes. Miss Wortman identified appellant as the person she purchased the substance which was later identified as marijuana from on July 20 and July 27, 2000.
 {¶ 31} In addition to Miss Wortman, Detective Frisone and Officer Wagner testified on behalf of the State. Detective Frisone testified as to how he met Miss Wortman and described in detail regarding the procedures followed for each of the drug transactions.
 {¶ 32} Detective Frisone's testimony revealed the following. On the date of each of the drug transactions, Miss Wortman was searched to insure that she had no drugs on her person. Prior to each transaction, Miss Wortman was fitted with a wire transmitter so that the officers could monitor the transaction. For each transaction, Detective Frisone observed Miss Wortman enter and exit appellant's apartment. Upon Miss Wortman's exit, she handed over the substance that she had purchased from appellant with money Detective Frisone gave her from the police department's drug enforcement fund. After the results on the substances that Miss Wortman turned over to the police were received from the BCI, an arrest warrant for appellant was secured, and appellant was arrested.
 {¶ 33} Officer Wagner also testified as to his involvement in the investigation of appellant. Office Wagner stated that for each of the two transactions, he transported Miss Wortman to and from the site of the transaction. Officer Wagner testified that he observed Miss Wortman enter and exit appellant's apartment. According to Officer Wagner's testimony, after each of the transactions, Miss Wortman left appellant's apartment, got back into his vehicle, and handed over the substance she had purchased from appellant to him.
 {¶ 34} This Court finds no indication that the jury lost its way and committed a manifest miscarriage of justice in convicting appellant of trafficking in marijuana. As this Court has determined that appellant's convictions were not against the manifest weight of the evidence, we necessarily conclude that there was sufficient evidence to support the verdict in this case. Appellant's second and third assignments of error are overruled.
 III. {¶ 35} Having overruled the assignments of error, the judgment of the Summit County Court of Common Pleas is affirmed.
BAIRD, P.J., WHITMORE, J. CONCUR.