JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant James Anderson appeals his convictions on two charges of violating a civil protection order. We affirm.
Denise Anderson obtained a protection order against James under R.C. 3113.31 in November 2002. In September 2003, James violated that order on two consecutive days. Each violation led to a separate charge. He was arrested, went to trial, and was found guilty of both charges.
On appeal, James assigns eight errors: (1) there was insufficient evidence to sustain his convictions; (2) the trial court should have admitted an order from the domestic relations court; (3) the evidence in the case numbered 03CRB-36938 was insufficient to support a conviction; (4) he was misled and prejudiced by a variance between the allegations in the complaint and the evidence at trial; (5) the trial court should not have admitted "other acts" evidence; (6) venue was not properly established; (7) his convictions were against the manifest weight of the evidence; and (8) the trial court erred by allowing improper hearsay evidence.
We first address James's first, third, and seventh assignments — those addressing weight and sufficiency. The standard for reviewing sufficiency is whether any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt, when viewing the evidence in the light most favorable to the prosecution.[1] A review of the manifest weight of the evidence puts the appellate court in the role of the trier of fact.[2] The court must weigh the evidence and consider the credibility of witnesses to determine whether the trier of fact lost its way in finding the defendant guilty. A new trial should be granted on the weight of the evidence only in exceptional cases.[3] And "[n]o judgment resulting from a trial by jury shall be reversed on the weight of the evidence except by the concurrence of all three judges hearing the case."[4]
A person is guilty of violating a protection order if he recklessly violates the terms of an order issued under R.C.2919.26 or 3113.31.[5] A person acts recklessly when, without regard for the consequences, he disregards a known and significant possibility that his conduct is likely to cause a certain result.[6]
A protection order was issued against and served on James under R.C. 3113.31. And the record demonstrates that James violated that order twice — once when he entered Denise's home and once when he had been at the bus stop near her house, followed her onto a bus, and was on a street corner on her way to work. This evidence was sufficient to sustain both convictions. And we cannot say that the trier of fact lost its way in finding James guilty. So neither conviction was against the sufficiency or the manifest weight of the evidence.
Nonetheless, James argues that the protection order was never effective because the same court that had issued the order had previously ruled that Denise was not entitled to any more protection orders because of her frivolous filings. But the court did not find Denise to be a vexatious litigator,[7] so its previous ruling did not affect Denise's later filings. And it had nothing to do with this case.
James also contends in his second assignment that the trial court should have admitted the previous ruling. But the ruling was not relevant, and the trial court did not abuse its discretion in refusing to admit it.
James argues in his fourth assignment (which he combines with his third assignment) that he was prejudiced because the complaint in the case numbered 03CRB-36938 stated that he had violated the terms of a protection order issued under R.C.2919.26. The order had actually been issued under R.C. 3113.31. This was legally insignificant. James was convicted under R.C.2919.27, which covers both statutes. James was adequately advised of the charges against him, and the variance did not affect the sufficiency of the evidence.
We therefore overrule James's first, second, third, fourth, and seventh assignments of error.
In his fifth assignment, James argues that the trial court improperly admitted "other acts" evidence that prejudiced the jury. The trial court admitted several statements that showed a history of violence between James and Denise. Other statements showed that James had continued to contact Denise even after the criminal charges in the case were filed.
But these statements helped to demonstrate Denise's fear of James — a necessary element of the charges. And they tended to show James's motivation. The admission of the "other acts" evidence was therefore not an abuse of the trial court's discretion.
We therefore overrule James's fifth assignment of error.
In his sixth assignment of error, James argues that venue was not properly established in the case numbered 03CRB-36938. The charge in that case alleged that James was at the bus stop that Denise walked to from her house, that he got on the bus with her, and that he was standing at the corner of Sixth and Vine Streets in downtown Cincinnati on Denise's way in to work.
The state need not prove venue in express terms as long as it is proved by all the facts in the case.[8] The evidence presented here demonstrated that Denise lived in Hamilton County, Ohio. And Denise worked in Hamilton County, Ohio. Because the incidents occurred mere blocks from places that had been proved to be in Hamilton County, Ohio, venue was properly established.
We therefore overrule James's sixth assignment of error.
In his final assignment of error, James argues that the trial court improperly allowed the state to introduce hearsay evidence. But James has not demonstrated that any prejudice occurred, and thus there was no reversible error.
The admission or exclusion of evidence is within the trial court's discretion.[9] And we will not disturb the trial court's decision absent an abuse of that discretion.[10]
The statements came in when one of Denise's coworkers testified about some things that Denise had said to her. These statements tended to show Denise's mental state and behavior when she arrived at work after the bus incident with James. We cannot say that the trial court's decision to admit the statements was an abuse of its discretion, because the statements were relevant to the charges and did not prejudice James.
We therefore overrule James's eighth assignment of error.
Accordingly, we affirm the judgment of the trial.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
[1] State v. Hughbanks, 99 Ohio St.3d 365, 2003-Ohio-4121,792 N.E.2d 1081, citing State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492.
[2] State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.
[3] Id., citing State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717.
[4] Section 3(B)(3), Article IV, Ohio Constitution.
[5] R.C. 2919.27.
[6] R.C. 2901.22(C).
[7] See generally, Mayer v. Bristow (2000), 91 Ohio St.3d 3,740 N.E.2d 656.
[8] State v. Headley (1983), 6 Ohio St.3d 475,453 N.E.2d 716.
[9] State v. Dever, 64 Ohio St.3d 401, 1992-Ohio-41,596 N.E.2d 436.
[10] Id.